United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNELL LEE CARTER,<br>　　　　Petitioner,<br>　v.<br>HUNTER ANGLEA,<br>　　　　Respondent. | Case No. 19-cv-00429-JCS (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. Nos. 2 and 5 |

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. On or before **June 17, 2019**, respondent shall file in response to the petition an answer or a dispositive motion.

## BACKGROUND

According to the petition, in 2015 a Santa Clara Superior Court jury convicted petitioner of five counts of oral copulation with a child (Cal. Penal Code § 288.7(b)). Various sentencing enhancement allegations were found true. A sentence of 175 years to life was imposed.[1]

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

---

[1] This is the total term. Petitioner was sentenced to five consecutive terms of 30 years to life, plus another consecutive term of 25 years to life.

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) the trial court denied him the right to represent himself; (2) the trial court denied his motions to change counsel in violation of the Sixth Amendment; and (3) under to state law, he should have been charged with continuous sexual abuse of a child (Cal. Penal Code § 288.5), rather than with multiple counts of oral copulation with a child (Cal. Penal Code § 288.7). When liberally construed, Claims 1 and 2 are cognizable on federal habeas review and shall proceed. Claim 3 is in truth a state law claim and therefore not cognizable on federal habeas review. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (violations of state law are not remediable on federal habeas review, even if state law were erroneously applied or interpreted). The Court, then, shall construe Claim 3 as an allegation that there was insufficient evidence to find petitioner guilty of the charges under Cal. Penal Code § 288.7. So construed, it is cognizable and shall proceed.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, and a Magistrate Judge jurisdiction consent or declination to consent form on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **June 17, 2019**, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on

2

United States District Court
Northern District of California

petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **June 17, 2019**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to proceed *in forma pauperis* (Docket Nos. 2 and 5) is GRANTED.

9. The Clerk shall terminate all pending motions.

10. Petitioner consented to magistrate judge jurisdiction. (Dkt. No. 3.)

**IT IS SO ORDERED.**

Dated: April 11, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNELL LEE CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>HUNTER ANGLEA,<br><br>    Defendant. | Case No. 19-cv-00429-JCS<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on April 11, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Johnell Lee Carter ID: AZ-3587
Sierra Conservation Center
5150 Obyrnes Ferry Road
Jamestown, CA 95327

Dated: April 11, 2019

    Susan Y. Soong
    Clerk, United States District Court

    By:_____
    Karen Hom, Deputy Clerk to the
    Honorable JOSEPH C. SPERO